**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 12-cv-2074-WJM-CBS

IN RE DAVITA HEALTHCARE PARTNERS, INC. DERIVATIVE LITIGATION

**ORDER DENYING WITHOUT PREJUDICE
UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT**

This matter is before the Court on Lead Plaintiff Haverhill Retirement System's Unopposed Motion for Preliminary Approval of Settlement ("Motion"). (ECF No. 95.) On October 23, 2014, the parties to this action entered into a Stipulation and Agreement of Settlement ("Stipulation") that is subject to review under Federal Rule of Civil Procedure 23.1 and that sets forth the terms and conditions for the proposed settlement of the claims alleged in this derivative action. (ECF Nos. 95-2, 95-3, 95-4, 95-5, 95-6, 95-7.) The Court has reviewed the Stipulation and finds that it generally satisfies the requirements for preliminary approval. However, the Court is concerned with respect to the adequacy of the Stipulation's provisions for notice to the shareholders.

Rule 23.1(c) permits a derivative action to be settled "only with the court's approval," and requires that notice of the settlement "be given to shareholders or members in the manner that the court orders." Here, among other terms, the Stipulation provides for notice to be provided to current shareholders and beneficial owners of the stock of DaVita Healthcare Partners Inc. in three ways: (1) publication of the "Notice of Proposed Settlement of Derivative Action, Final Settlement Hearing, and Right to Appear" (the "Notice") (ECF No. 95-7), attached as Exhibit E to the Stipulation,

on DaVita's Investor Relations website; (2) publication of the "Summary Notice of Pendency of Shareholder Derivative Action involving DaVita Healthcare Partners Inc., Proposed Settlement of Derivative Action, Settlement Hearing, and Right to Appear" (the "Summary Notice") (ECF No. 95-6), attached as Exhibit D to the Stipulation, at least one time in the national edition of *Investor's Business Daily*; and (3) filing the Notice with the Securities and Exchange Commission ("SEC").  (ECF No. 95 at 18-19.)

However, the Stipulation does not provide for either the Notice nor the Summary Notice to be disseminated directly to shareholders by mail or otherwise, as the Court has ordered in other derivative actions.  *See, e.g.*, *Richey v. Ells*, No. 12-cv-01831-WJM-MEH (D. Colo. April 18, 2014) (order preliminarily approving settlement, directing notice to the class, and setting fairness hearing).  Instead, the Stipulation appears to require shareholders themselves to actively review the DaVita Investor Relations website, *Investor's Business Daily*, or SEC documents in order to be notified of the Settlement.  The Court finds that the absence of such affirmative notice to interested parties fails to provide sufficient due process to comply with Rule 23.1.  *See Jones v. Nuclear Pharmacy, Inc.*, 741 F.2d 322, 325 (10th Cir. 1984) ("The essence of procedural due process is that the parties be given notice and opportunity for a hearing. . . .  Both the right to be heard from and the right to be told why are integral elements of this notion of due process.").

Accordingly, IT IS ORDERED that Lead Plaintiff's Unopposed Motion for Preliminary Approval of Settlement (ECF No. 95) is DENIED WITHOUT PREJUDICE to refiling an amended motion that resolves the deficiencies noted above.  The parties' amended motion may be filed on or before December 12, 2014.

Dated this 3rd day of December, 2014.

BY THE COURT:

William J. Martinez
United States District Judge