**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 12-cv-2074-WJM-CBS

IN RE DAVITA HEALTHCARE PARTNERS, INC. DERIVATIVE LITIGATION

---

## ORDER PRELIMINARILY APPROVING SETTLEMENT, ORDERING THE ISSUANCE OF NOTICE, AND SETTING FAIRNESS HEARING

---

This matter is before the Court on Lead Plaintiff Haverhill Retirement System's Unopposed Motion for Preliminary Approval of Amended Settlement ("Motion"), dated December 12, 2014. (ECF No. 100.) On October 23, 2014, the parties to the Action entered into a Stipulation and Agreement of Settlement and moved for preliminary approval of that Settlement the following day. (ECF Nos. 95, 95-2, 95-3, 95-4, 95-5, 95-6, 95-7.) On December 3, 2014, after review of the parties' filings, the Court denied Lead Plaintiff's initial Motion for Preliminary Approval, without prejudice to refiling an amended motion. (ECF No. 99.)

On December 12, 2014, the parties entered into a new Stipulation and Amended Agreement of Settlement. (ECF Nos. 100-2, 100-3, 100-4, 100-5, 100-6, 100-7.) The instant Motion is subject to review under Rule 23.1 of the Federal Rules of Civil Procedure, which sets forth the terms and conditions for the proposed settlement of the claims alleged in this derivative action. Having reviewed and considered the Stipulation and Amended Settlement, and the parties' consent thereto, the Court hereby ORDERS as follows:

1. A Settlement Fairness Hearing shall be held before this Court on **May 1, 2015 at 2:00 p.m.** in Courtroom A801 at the United States District Court for the District of

Colorado, Alfred A. Arraj Courthouse, 901 19th Street, Denver, Colorado 80294, for the following purposes:

(a) Determine whether the above-captioned action (the "Action") may proceed as a shareholder derivative action pursuant to Federal Rule of Civil Procedure 23.1, solely for purposes of the Settlement and without prejudice to the Company's right to raise defenses under Rule 23.1 or any other defenses in the Action in the event that the Court fails to grant final approval of the Amended Settlement;

(b) Determine whether the Amended Settlement, on the terms and conditions set forth in the Stipulation, should receive final approval by the Court as fair, reasonable, and adequate, and in the best interests of DaVita and its shareholders;

(c) Hear and determine any objections to the proposed Amended Settlement;

(d) Determine whether the Court should finally approve the Amended Settlement and enter the proposed Final Order and Judgment, substantially in the form attached to the Stipulation as Exhibit B (ECF No. 100-4), dismissing the Action with prejudice and extinguishing and releasing the claims as set forth therein;

(e) In the event the Amended Settlement receives final approval as requested, consider Lead Counsel's application for an award of fees and expenses, including an incentive fee for Lead Plaintiff; and

(f) Rule on any such other matters as the Court may deem appropriate.

2. The Settlement Fairness Hearing may be continued or rescheduled without further notice to shareholders. The Court further reserves the right to consider any modifications of the Amended Settlement agreed to by the parties without providing further written notice to shareholders.

3. The Court preliminarily finds that the Amended Settlement and terms of the Stipulation are fair, reasonable and adequate, and that for purposes of the Amended Settlement, Lead Plaintiff Haverhill Retirement System and Lead Counsel, Scott+Scott, Attorneys at Law, LLP, fairly and adequately represent the interests of Nominal Defendant DaVita Healthcare Partners Inc. ("DaVita") and its shareholders.

4. The Court hereby approves, as to form and content, the Stipulation and Amended Agreement of Settlement, "Summary Notice of Pendency of Shareholder Derivative Action involving DaVita Healthcare Partners Inc., Proposed Amended Settlement of Derivative Action, Settlement Hearing, and Right to Appear" (the "Summary Notice") (ECF No. 100-6), attached as Exhibit D to the Stipulation, and "Notice of Proposed Amended Settlement of Derivative Action, Final Settlement Hearing, and Right to Appear" (the "Notice") (ECF No. 100-7), attached as Exhibit E to the Stipulation.

5. Notice of the Amended Settlement shall be published and disseminated to all current stockholders and beneficial owners of DaVita stock as follows:

    (a) The Summary Notice shall be published at least one time in the national edition of Investor's Business Daily no later than 10 business days following the date of this Order;

(b) A hyperlink to the Notice shall be published on DaVita's Investor Relations webpage within 5 business days from the date of this Order, and shall remain available therein until the date of the Settlement Fairness Hearing;

(c) The Notice shall be filed with the Securities and Exchange Commission ("SEC") in a form that is publicly available on the SEC's website within ten (10) business days from the date of this Order; and

(d) DaVita's third-party investor communications provider, Broadridge Financial Solutions, Inc., shall send the Notice to all DaVita stockholders as soon as reasonably practicable, but no later than 90 days before the Settlement Fairness Hearing, either by first class mail or by e-mail depending upon the preferred method of notice designated by the stockholder.

At least 14 calendar days prior to the Settlement Fairness Hearing, DaVita shall file with the Court an affidavit or declaration certifying compliance with the requirements of this paragraph.

6. The Court hereby finds that the notices and notice procedures described in paragraphs 4 and 5 above, and performed substantially in the manner and form set forth in the Stipulation, meet the requirements of Federal Rule of Civil Procedure 23.1 and due process, and shall constitute due and sufficient notice to DaVita's stockholders.

7. All papers in support of the Amended Settlement, and any application for an award of fees and expenses and incentive fee, shall be filed with the Court and served no later than 21 calendar days before the Settlement Fairness Hearing.

8. The Court will consider written objections to the proposed Amended Settlement or the application for attorneys' fees and expenses at the Settlement Fairness Hearing, but only if such objections, and any supporting papers, are mailed to each of the following, TO BE RECEIVED no later than 10 calendar days before the Settlement Fairness Hearing:

*Court:*
Clerk of the Court
United States District Court for the District of Colorado
Alfred A. Arraj United States Courthouse
901 19th Street, Room A105
Denver, CO 80294-3589

*Lead Counsel:*
Judith S. Scolnick, Esq.
Scott+Scott, Attorneys at Law, LLP
The Chrysler Building
405 Lexington Avenue, 40th Floor
New York, NY 10174

*Counsel for DaVita Healthcare Partners Inc. and the Individual Defendants:*
Judson E. Lobdell
Morrison & Foerster, LLP
425 Market Street
San Francisco, CA 94105-2482

Written objections must provide a detailed signed statement of the objector's specific objections and must include all documents the objector wishes the Court to consider, as well as a statement specifying the objector's name, address, telephone number, the number of shares of DaVita common stock currently owned, and an account statement evidencing such ownership.

9. Any DaVita shareholder may appear at the Settlement Fairness Hearing, in person or through counsel of his or her choice, to object and show cause why: (i) the Amended Settlement as set forth in the Stipulation should not be approved;

(ii) the proposed Final Order and Judgment should not be entered; or (iii) Lead Counsel's application for fees and expenses, including an incentive fee for Lead Plaintiff, should not be granted in the amounts sought; provided, however, that no shareholder shall be entitled to appear or be heard, or be entitled to object to or otherwise contest any of the matters to be considered at the Settlement Fairness Hearing, unless such shareholder has both filed with the Clerk of the Court, and served by hand, by first class U.S. mail, postage prepaid, or by reputable express carrier on the Clerk of the Court and each of the counsel listed in paragraph 8 above, the following materials, TO BE RECEIVED no later than 14 calendar days before the Settlement Fairness Hearing:

(a) A notice of intention to appear at the Settlement Fairness Hearing;

(b) A statement specifying that person's name, address, telephone number, the number of shares of DaVita common stock currently owned, and a brokerage account statement evidencing such ownership;

(c) The name(s) of any attorney(s), if any, that will appear on the shareholder's behalf; and

(d) A statement of such shareholder's position with respect to the Settlement, providing all supporting bases and reasons for the objection, including the identification of all witnesses, documents, or other evidence that are to be presented at the Settlement Fairness Hearing in connection with the objection and a description of the substance of the testimony to be given by any such witnesses.

10. Any shareholder who does not timely file and serve an objection in the manner provided in paragraphs 8 and/or 9 of this Order shall be deemed to have waived any objection such person might have and shall forever be barred, in these proceedings or in any other proceeding, from making any objection to or otherwise challenging the Settlement of the Action, the Stipulation or any provision thereof, the Final Order and Judgment, any fee and expense award, including any incentive fee, and/or any other proceedings herein, and shall have no right to appeal therefrom.

11. Any replies to any objections to the Amended Settlement shall be filed and served no later than 7 calendar days before the Settlement Fairness Hearing.

12. All proceedings in the Action, other than such proceedings as may be necessary to carry out the terms and conditions of the Amended Settlement, are hereby stayed and suspended until further order of this Court. Pending final determination of whether the Settlement should be approved, Plaintiffs, Plaintiffs' Counsel, all other shareholders, the Individual Defendants, and DaVita, or any of them as applicable, are enjoined from filing, commencing, or prosecuting any other lawsuit in any jurisdiction with respect to any Released Plaintiff Claims or Released Defendant Claims.

13. Regardless of whether or not the Amended Settlement is finally approved, the fact of and provisions contained in the Stipulation, the Amended Settlement, and all negotiations, drafts, discussions, actions, and proceedings in connection with the Stipulation or the Amended Settlement shall not be deemed or constitute a presumption, concession, or an admission by any party in the Action, any

signatory to the Stipulation, or any Released Party of any fault, liability, or wrongdoing as to any facts or claims alleged or asserted in the Action, or any other actions or proceedings, and shall not be interpreted, construed, deemed, involved, invoked, offered, or received in evidence or otherwise used by any person in the Action, or in any other action or proceeding, whether civil, criminal, or administrative; provided, however, that nothing herein shall prevent the introduction into evidence of the Stipulation or this Order in connection with any proceeding to enforce the terms of the Stipulation or this Order, including, but not limited to, the filing of the Stipulation and/or this Order by any Released Party in order to prevent or terminate institution, commencement, or prosecution of any action which asserts Released Claims against any of the Released Parties; and further provided that nothing herein shall prevent the introduction into evidence of the Stipulation or this Order by the Defendants in any proceedings against any insurer, reinsurer, or co-insurer.

14. In the event that a termination and cancellation of the Amended Settlement occurs pursuant to the terms of the Stipulation, the terms and provisions of the Stipulation shall be rendered void and shall have no further force and effect, except as otherwise provided in the Stipulation, and the Settling Parties shall be restored to their respective positions in the Action immediately prior to the signing of the Stipulation.

Dated this 8th day of January, 2015.

BY THE COURT:

William J. Martínez
United States District Judge